DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2018-30 |
| | ) |
| PAUL GIRARD, SHAQUAN PRENTICE, | ) |
| ROBERT BROWN, WAHILLI JAMES, | ) |
| SHAQUIELLE CORREA, JAMES CRUZ, | ) |
| KAREEM HARRY, TYLER EUGENE, | ) |
| ETHERNEAL SIMON, SHERMYRA GUMBS, | ) |
| WAYNE BELLILLE, | ) |
| | ) |
| Defendants. | ) |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**George A Massucco-LaTaif, AUSA**
**Meredith Jean Edwards, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
**Alphonso G. Andrews, AUSA**
United States Attorney's Office
Christiansted, U.S.V.I.
   *For the United States of America,*

**Ryan W. Greene**
St. Thomas, U.S.V.I.
**William A. Morrison**
The Morrison Firm LLC
Atlanta, GA
   *For Paul Girard,*

**Adriane J. Dudley**
**Malorie Diaz**
Dudley Rich Davis LLP
St. Thomas, U.S.V.I.
**Susan K. Marcus**
Law offices of Susan K. Marcus
New York, NY
   *For Shaquan Prentice,*

**Renee Marie Andre**
Law Offices of Marjorie Rawls-Roberts PC
St. Thomas, U.S.V.I.
**Teri L. Thompson**
Teri Thompson LLC
Snellville, GA
    *For Robert Brown,*

**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
    *For Wahilli James,*

**Jason Gonzalez-Delgado**
Hato Rey, PR
**John Richard Martin**
Martin Brothers, PC
Atlanta, GA
    *For Shaquielle Correa,*

**Miguel Oppenheimer**
San Juan, PR
**Gary E. Proctor**
Law Offices of Gary E. Proctor, LLC
Baltimore, MD
    *For James Cruz,*

**Kye Walker**
St. Croix, U.S.V.I.
**Anthony Ricco**
New York, NY
**Frantz J. McLawrence**
The McLawrence Law Firm
Fort Lauderdale, Fl
    *For Kareem Harry,*

**Richard F. Farrelly**
Law Offices of Birch DeJongh & Hindels PLLC
St. Thomas, U.S.V.I.
**Reginald Moss**
The Tony Moss Firm, LLC
Miami, FL
    *For Tyler Eugene,*

**Richard H. Dollison**
**Michall Joseph LaRochell**
Law Offices of Richard H. Dollison PC
St. Thomas, U.S.V.I.
    *For Etherneal Simon,*

**Kendys Pimentel-Soto**
Kendys Pimentel-Soto Law Office LLC
San Juan, PR
**Christopher W. Adams**
Adams & Bischoff, P.C.,
Charleston, SC
    *For Shermyra Gumbs,*

**Alexander Golubitsky**
Alex Golubitsky P.C.
St. Thomas, U.S.V.I.
    *For Wayne Bellille.*

### **ORDER**

**GÓMEZ, J.**

On January 29, 2019, the United States filed a motion requesting tolling of the Speedy Trial Act in this matter. At that time, the United States estimated that September 1, 2019, would be a reasonable date by which trial could commence.

On April 5, 2019, the Court granted the United States's motion in part. The Court found that it was in the interest of justice to exclude the time from April 5, 2019, through July 29, 2019, in computing the time within which the trial must be initiated pursuant to 18 U.S.C. § 3161 due to the complex legal

and factual circumstances of this case. Additionally, the Court set the trial to commence on July 29, 2019.

On April 25, 2019, a grand jury returned a Fourth Superseding Indictment in this matter. The Fourth Superseding Indictment expanded the timeframe of the alleged conspiracy, added an additional armed robbery to the alleged overt acts, and included additional special findings as to Robert Brown. On May 22, 2019, the Magistrate Judge arraigned the defendants on the Fourth Superseding Indictment. At that time, the Magistrate Judge set a motions deadline on July 15, 2019; an omnibus hearing to commence on September 3, 2019; and a trial to commence on September 23, 2019.

On July 31, 2019, the Court held a status conference with the parties in this matter. At that conference, the United States and various defendants reiterated their assertions that this case is complex and contains voluminous discovery necessitating additional time to prepare for pre-trial motions practice and trial.

The Speedy Trial Act requires that a criminal defendant go to trial "within seventy days of the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §

3161(c)(1). The Speedy Trial Act excludes from the seventy day clock a "period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161 (h)(7)(A). In making this determination, the Speedy Trial Act directs courts to consider several non-exclusive factors, including: (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. 18 USC § 3161(h)(7)(B).

In the April 5, 2019, order, the Court found that this case is complex due to its legal and factual circumstances and the novel questions of law and fact presented by the RICO conspiracy alleged in the Third Superseding Indictment. The Court finds that the Fourth Superseding Indictment continues to present the same complexities as those referenced in the April 5, 2019, order. Such complexities require significant additional time to prepare for pretrial proceedings and the trial itself.

Further, while the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Indeed, it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the normal 70-day time limit. Without an extension, the parties would be denied reasonable time necessary to review discovery materials, to explore plea negotiations, and to effectively prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." United States v. Fields, 39 F.3d 439, 444 (3d Cir. 1994); see also United States v. Dota, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial . . . [even if the] case [i]s not 'complex.'"); United States v. Lattany, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); United States v. Brooks, 697 F.2d 517, 522 (3d Cir. 1982) (holding that district court did not abuse discretion by

finding that a multiple count, multiple defendant "case was complex and required additional time for adequate preparation").

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through December 3, 2020, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161.

                                      S\_____
                                        **Curtis V. Gómez**
                                        **District Judge**